IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01810-BNB

KATHLEEN ANN JACOBS,

　　Plaintiff,

v.

DENVER OPTIONS,

　　Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 25 2008

GREGORY C. LANGHAM
　　　　　　　　　CLERK

___

ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

___

The matter is before the Court on Plaintiff, Kathleen Ann Jacobs', Letter submitted to the Court on September 22, 2008. In the Letter she requests that her cases be heard by another district court judge, because Magistrate Judge Craig B. Shaffer sent her "mail" and directed her to resubmit her "paper work" to the Court within thirty days or her case would be dismissed.

Although Magistrate Judge Shaffer entered an order in the instant action on August 26, 2008, he did not direct Ms. Jacobs to resubmit any documents to the Court. Magistrate Judge Shaffer granted Ms. Jacobs leave to proceed pursuant to 28 U.S.C. § 1915. I entered the most recent order in the instant action, on September 3, 2008, directing Ms. Jacobs to file an Amended Complaint within thirty days. Therefore, I will construe Plaintiff's Letter as a Motion for Recusal filed pursuant to 28 U.S.C. § 455(a) and deny the Motion for the reasons stated below.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C.

States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). The decision to recuse is committed to the sound discretion of the district court. *See United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 847 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, whether § 455(a) requires disqualification is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

2

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993; *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

The order I entered on September 3, 2008, directing Ms. Jacobs to file an Amended Complaint and comply with Fed. R. Civ. P. 8 is not sufficient to demonstrate that disqualification is appropriate pursuant to 28 U.S.C. § 455(a). "[J]udicial rulings

alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Motion for Recusal, therefore, will be denied. Accordingly, it is

ORDERED that Plaintiff's Letter, (Doc. No. 5), is construed as a Motion for Recusal and is DENIED. It is

FURTHER ORDERED that Plaintiff again is instructed to file an Amended Complaint that complies with the pleading requirements of Fed. Civ. P. 8 within thirty days from the September 3, 2008, Order. It is

FURTHER ORDERED that if Plaintiff fails to comply the Complaint and action will be dismissed without further notice.

DATED September 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01810-BNB

Kathleen Ann Jacobs
8701 E. Colfax
Denver, CO 80220

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/26/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk